# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MILLS and INTERNATIONAL FILTER SOLUTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BEAD FILTERS INTERNATIONAL, LLC, RONALD F. MALONE and BURTON K. NICHOLS, <br><br> *Defendants*. | Civil Action No. SA-09-CV-768-XR |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiffs' Motion to Remand (Docket Entry No. 5). Having considered Plaintiffs' motion, Defendants' response, Plaintiffs' reply, the available exhibits, and relevant authority, the Court GRANTS Plaintiffs' motion and REMANDS the case to the 25th District Court, Guadalupe County, Texas.

## Background

Plaintiffs Christopher Mills and International Filter Solutions, Inc. ("IFS") filed suit against Bead Filters International, LLC ("BFI"), Ronald F. Malone, and Burton K. Nichols in the 25th Judicial District Court of Guadalupe County, Texas, seeking declaratory relief under the Texas Declaratory Judgment Act, breach of contract, and detrimental reliance. (*See* Mot. to Remand (Oct. 1, 2009) [Docket Entry No. 5] ("Mot.").) In 1993, Defendants Malone and Nichols entered into a License Agreement regarding the rights to different biofilters patented by Malone. (Pl.s' Original Pet. ¶ 5 (Oct. 17, 2008) (Mot. ex. 1) ("Pet.").) In February 2006, Nichols and Plaintiff Christopher Mills organized Plaintiff IFS to manufacture and market biofilters that had been developed by

1

Malone and Defendant BFI. (*Id.* ¶ 6). On October 16, 2008, BFI notified Mills and IFS that it was terminating the business relationship between IFS and BFI. (*Id.* ¶ 8). Plaintiff s allege a breach of the license agreement, breach of contract, detrimental reliance, and requesting a declaratory judgment as to the rights, status, and other legal relations under the license agreement and/or oral contract. (*Id.* ¶¶ 11–16).

**Procedural History**

Plaintiffs filed this suit on October 17, 2008, in the 25th Judicial District Court of Guadalupe County, Texas. On July 20, 2009, Defendants deposed Plaintiff Christopher Mills. When Mills was questioned about the inclusion of Defendant Nichols in the lawsuit, he responded that Plaintiffs were asserting no claims against Nichols at the time. Dep. of Christopher Mills (July 20, 2009) (Mot. ex. 13). On September 18, 2009, Nichols declared in his deposition that he had no interests at stake in the lawsuit. Dep. of Burton K. Nichols (Sept. 18, 2009) (Resp. to Mot. to Remand ex. (Oct. 26, 2009) [Docket Entry No. 10].).

Defendants Malone and BFI filed a Notice of Removal on September 21, 2009, on the basis that Defendant Nichols was not a proper party to this suit. (Notice of Removal (Sept. 21, 2009) [Docket Entry No. 1].) Without Nichols, the parties would be diverse, giving this Court jurisdiction over the case pursuant to 28 U.S.C. § 1332. Plaintiffs filed a Motion to Remand, arguing (1) that Nichols is a proper party to this suit since he is an interested party to the request for Declaratory Judgment, and must be a party to this suit; (2) that they do have substantive claims to be asserted against Nichols in this litigation, which destroys this Court's jurisdiction; (3) that the defendants were not timely in filing their Notice for Removal; (4) that the Amount in Controversy requirement has not been proven in order that this Court might have jurisdiction through diversity; and (5) that the Defendants have waived their right to remove to Federal Court by requesting affirmative relief

2

in state court. (Mot. ¶¶ 16–19.) Plaintiffs also request attorney's fees from Defendants for the time spent contesting removal of the case to Federal Court. (*Id.* ¶ 21).

In their response, Defendants argue that the logical time to resolve the question of whether Nichols was a proper party with an interest in this lawsuit was at his deposition on September 18, 2009. (Resp. to Mot. to Remand ex. (Oct. 26, 2009) [Docket Entry No. 10] ("Resp.").) During Nichols's deposition, Defendants' counsel questioned whether he [Nichols] had any interest in the outcome of this lawsuit, or an interest under the 1993 License Agreement. (Resp. at 2). Nichols's answer to these questions led Defendants to file a notice for removal, asserting that he was not a proper party to this litigation. (*Id.*) Defendants further argue: (1) Nichols did not need to consent to removal, (2) that the amount in controversy clearly exceeded $75,000 based on the ongoing business history between Plaintiffs and Defendants, (3) that Defendants' counterclaims did not divest them of their right to remove since there was no adjudication on the merits of the case, and (4) that the assessment of attorney's fees in Plaintiffs' motion is not proper. (*Id.* at 6–8).

Plaintiffs replied that they did not abandon their contention that Nichols is a proper party under the Texas Declaratory Judgment Act. (Reply to Resp. to Mot. to Remand 1 (Nov. 6, 2009) [Docket Entry No. 16].) They reassert that the Defendants' removal of the case was not timely since Nichols's position in this litigation has not changed from the date this lawsuit was filed in state court and that Defendants learned nothing from Nichols's deposition that they had not known since at least the deposition of Plaintiff Christopher Mills two months prior. (*Id.* at 3–4).

**Legal Standard**

To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was

improperly joined, *i.e.*, the defendant was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns' and as such must be strictly construed." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280–81 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). Removal of a case from state to Federal Court is timely if notice of removal is filed either within (1) thirty days of receipt by defendants of the initial pleading stating a claim for relief, or (2) thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446. If the initial pleading does not state a claim justifying removal, defendants may file a notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable." *Id.* The thirty-day removal period runs only from the time the defendant first knew or should have known that the non-diverse party had been improperly joined and that there is a basis for removal absent such joinder. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815–16 (5th Cir. 1993). A transcript of a deposition can be considered an "other paper" under 28 U.S.C. 1446(b) to make a case removable. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

**Analysis**

*A. Defendants did not remove the case timely*

In their Response to Plaintiffs' Motion to Remand, Defendants argue that Nichols is an improper party to this litigation. Defendants argue that it was not "unequivocally clear and certain" that this case was removable to Federal Court until Nichols stated that he had no interest in the outcome of this case during his deposition on September 18, 2009. (Resp. at 5). Plaintiffs, however,

4

acknowledged this in their original petition and in Mills's deposition. Plaintiffs' petition states, "Nichols' stock was redeemed by IFS, who no longer has any legal or beneficial interest in the company." (Pet. ¶ 6). As stated in the facts above, during Mills's deposition on July 20, 2009, he admitted that no claims were being made against Defendant Nichols at that time. (Mot. ¶ 8). Defendants cite *Bosky v. Kroger Texas*, where the Court stated that time limit in which removal must be made is when "the facts supporting removability . . . are unequivocally stated." *Bosky v. Kroger Tex.*, 288 F.3d 208, 211 (5th Cir. 2002). The Court is *Bosky* uses the term "ascertain," further defining the word as "'to make certain, exact, or precise,' or 'to find out or learn with certainty.'" *Id.*

This Court agrees with the Plaintiffs' argument that "absolute clarity existed when Defendants were served with the Petition," or that at the latest, that it became unequivocally certain that Plaintiffs were asserting no substantive claims against Defendant Nichols when Mills's deposition was taken on July 20, 2009. (Reply at 2). Nichols's deposition on September 18, 2009, did not "change[] the facts regarding the removableness of the case." *See S.W.S. Erectors, Inc.*, 72 F.3d at 494. Since Defendants did not file a notice of removal until September 21, 2009, almost two months after the deposition of Plaintiff Mills, the attempt to remove this case to Federal Court is untimely. *See Jernigan*, 989 F.2d at 817.

B. *Attorney's fees*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Instead, the courts look to the objective merits of the defendant's case at the time of removal. *Id.* In other words, regardless of whether the removal was made in subjective

good faith, a court may still deny attorney's fees if "the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 292–93. Because this Court can see how the Defendants had objectively reasonable grounds to believe that removal was legally proper under the theory of improper joinder, the Court declines to award attorney's fees to Plaintiffs.

**Conclusion**

Plaintiffs' Motion to Remand is GRANTED and their request for attorney's fees is DENIED. Plaintiffs' Motion for Leave to File an Amended Pleading (Docket Entry No. 6) is DISMISSED since the Court no longer has jurisdiction over this matter. The Clerk is instructed to close the case.

It is so ORDERED.

SIGNED this 2nd day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE